### *PAGE v. MCCONVILLE, AGENT.

PROCEEDINGS IN ·ERROR DISMISSED BECAUSE ALL PARTIES TO ORIGINAL ACTION NOT JOINED.

> On the facts hereinafter stated, the motion to dismiss this proceeding in error should be granted. All of the parties in the original action were proper and necessary parties to the proceeding to reverse the judgment rendered below, the reversal of which as to one of said parties would necessarily affect the rights of all of the other parties thereto. No one of such other persons was made a party to this proceeding in error, and more than six months having elapsed between the ‹time of the rendition of the judgment complained of and the time of the filing of the·motion to dismiss, the case will be stricken from the docket.

ERROR to the court of common pleas of Hamilton county.

MOTION to strike petition in error from the files, etc.

SMITH, J.

This cause was heard in this court on a motion filed on behalf of defendant in error, James McConville, agent, to strike from the files the petition in error, and to dismiss the case for the reason that the plaintiff in error has failed to make the necessary parties defendants in error.

The original petition in the case, the judgment in which it is sought to have reversed, was filed in the superior court of Cincinnati, on March 2, 1889, by *James McConville* (as agent of the shareholders of the Metropolitan National bank) v. *Wm. H. Doane, Joseph R. Brown, C. E. Page, The Ætna Telephone Co.,*

----

* The decision is cited as authority in Tennessee Lumber Co. v. Marcy, 7 Circ. Dec., 444.

*et al.*, alleged to be stockholders in said telephone company. The petition alleged that under and by virtue of the act of congress approved June 30, 1876, he had been elected and had qualified as the agent of the stockholders of said bank, and that he brings the suit in his own behalf as on that of all the creditors of such telephone company, a corporation under the laws of Ohio. He sets up the re- covery of a judgment by him as such agent against the telephone company, the issue of an execution thereon, returned unsatisfied, and that certain persons, naming them, were stockholders in the amount named, and that none of them had paid more than 20 per cent on their stock subscriptions, and that for the pay- ment of the debts of the company they were each liable for the additional 80 per cent, and on their individual liability to an amount equal to their stock subscrip- tions. Wherefore he prays that the court would ascertain who the creditors of said company are, and the amount due to each of them, and the names of the stockholders in the company, and that they be required to pay the balance due on their subscriptions; and if there is a deficiency of assets to pay the debts, that each stockholder be required to pay his ratable proportion on his stock liability to pay the same.

Answers were filed by some of the defendants denying the validity of the claim of the plaintiff, and other persons alleged to be stockholders were brought in, and the case was referred to a referee to hear and determine the issues and state the account. Before the case was decided, and as early as December 17, 1891, an entry was made by the court finding that John F. Pogue was then the duly qualified agent of the stockholders of the bank and the successor to McCon- ville, former agent, and he was substituted as party plaintiff in place of McCon- ville, and the action ordered to proceed in his name.

On February 6, 1892, Pogue as agent filed a supplemental petition, making a correction as to the amount of his claim, and praying for the same relief as was prayed for in the original petition.

On a hearing had February 20, 1893, the court found that the referee had erred in finding that J. R. Brown was a subscriber for fifty shares of said stock, and that W. H. Doane was a subscriber for one hundred shares, and set aside so much of said report, and adjudged that Brown was a subscriber for only twenty- five shares, and Doane only for fifty shares. To this Page excepted, and on February 21, 1893, filed his motion for a new trial on the ground that the court erred in holding that Brown was a subscriber only for twenty-five shares and Doane for fifty shares, and for other reasons. This was overruled, and on March 24, 1893, a final judgment was entered fixing the indebtedness of the telephone company, determining the stockholders, the number of shares held by each, and the amount that each should contribute to the payment of such indebtedness, and directing each of said stockholders on or before March 24, 1893, to pay into the hands of Province M. Pogue, who was by such judgment appointed a re- ceiver for the purpose of receiving, collecting and distributing the money to be paid in pursuance of said order, the amounts adjudged against them severally. Page and John F. Pogue, agent, filed motions to set aside this judgment and for a new trial, but the motions were overruled April 1, 1893, and exception taken, and a bill of exceptions was then allowed containing all of the evidence heard.

On May 3, 1893, C. E. Page filed in the general term of the superior court a petition in error, the caption of which, giving the names of the parties, is as follows: *C. E. Page, Plaintiff in Error*, v. *James McConville, Agent, et al., De- fendant in Error*. It alleged the recovery of the judgment against him by the de- fendant in error in the case wherein the defendant in error was plaintiff, and the plaintiff in error was defendant. No other person was named as a defendant in error. Neither John F. Pogue, agent, Province M. Pogue, receiver, or any of the stockholders whose rights had been adjudicated in the case were named as defendants. No summons appears to have been issued, but the petition is in- dorsed as follows: "Summons waived and appearance entered by defendant in error by Pogue, Pottenger & Pogue, attorneys for defendant in error."

We think it is entirely clear from the language of the petition in error, that it was not the intention of the plaintiff in error to make any one a defendant in error with McConville. No summons in error was issued for any one else, and the entry of appearance was for McConville alone. It does not appear that the attorneys who entered his appearance were authorized to represent any of the stockholders, and as we remember, they claim they were not. They do appear to have represented John F. Pogue, agent; but he was not named as a defendant in error, and they did not enter his appearance. As McConville, as agent, was out of the case long before the rendition of the decree complained of, it would seem that he was not a proper party to the petition in error (Pogue having been appointed to succeed him), and if this be so, there is really no defendant in error before the court, for it can hardly be claimed that where one party has been substituted for another, as for instance where one administrator or guardian is substituted for another, and a judgment is thereafter rendered, it may properly be reversed on a petition in error filed against the first administrator or guardian alone.

But if it be conceded that McConville was a proper and only defendant to this petition in error, how does the case stand? He would then be the only person who could resist the reversal of the decree before rendered. That decree, as has been said, was one settling the affairs of the telephone company and adjusting the conflicting rights of the creditors, and of the stockholders among themselves, with reference to the amount each should pay as a stockholder to satisfy the debts of the corporation. It was in one sense several, for it fixed the amount to be paid by each stockholder to a receiver appointed to receive and disburse it. But it was joint in other respects, for if the judgment entered should be set aside and a new trial granted, it might be found that some stockholders not parties to the error proceeding had been assessed as the owners of too many or too few shares of the stock of the company; and this would require a re-adjustment of the whole account. It was eminently proper, then, and we think it was essential, so far as the reversal might affect the interests of the stockholders, that they should be parties to the error proceeding, otherwise their rights would be seriously affected by the action of a tribunal in a proceeding to which they were not parties. But if it be said that the plaintiff in error in this proceeding is entitled to have the judgment reversed so far as it affects him, the answer is that it cannot affect him without affecting all the other stockholders, and may injuriously affect the creditors, none of whom are parties. Nor are they represented except by McConville, if he represents any body but himself, which we think he does not. The creditors, after the appointment of Province M. Pogue as receiver, were represented by him. He was not made a defendant in error—certainly no person who represented the other stockholders entered an appearance for them, or either of them, and they were not before the court. How then can their rights be affected by this proceeding?

We think this case differs essentially from that relied upon by the counsel for plaintiff in error, *Wangerien et al.* v. *Aspell et al.*, 47 Ohio St., 250.

In that case the court held that the receiver, who represented the parties not served with process in the error case, being before the court, that it had jurisdiction of the case, and it is intimated that it might have been the duty of some of the stockholders in that case, defendants in error, to bring in the others or require plaintiff in error to do so. In this case none of them were defendants, and were not represented by any one, and such duty was not imposed upon them.

We consider it to be the law of this state as settled in the cases of *Smithers* v. *Rainey*, 14 Ohio St., 287; *Jones* v. *March*, 30 Ohio St., 20, and *Burke* v. *Taylor*, 45 Ohio St., 444, that "Statutes authorizing proceedings in error should be strictly pursued and such a proceeding brought to reverse a judgment for or against two or more parties should be commenced against all of them within the two years limitation (now six months), prescribed by statute in order to confer upon the re-

·viewing court jurisdiction to reverse or modify such judgment or any part of it as to either of such parties."

The statute not having been complied with in this case, and more than six months having elapsed after the entry of the judgment complained of and the filing of the motion to dismiss the proceedings in error, the motion will be granted and the case stricken from the docket.

*Alfred Hill* and *Ramsey, Maxwell & Ramsey* (Robert Ramsey of counsel), for Plaintiff in Error.

*Pogue, Pottenger & Pogue* (Province M. Pogue of counsel), for Defendants in Error.

*T. M. Hinkle*, Attorney for Doane and Brown.